UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                          Case No.: 25-10662

NATURAL CAPITAL LTD. (In Liquidation)           Chapter 15

      Debtor in a Foreign Proceeding.
_____/

**MOTION FOR ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDINGS PURSUANT TO §§ 1515 AND 1517 OF THE BANKRUPTCY CODE**

Michael Pearson and Nicola Cowan (together the "JOLs" or "Joint Official Liquidators"),

as Joint Official Liquidators of Natural Capital Ltd. (In Liquidation) ("NCL" or "Debtor"), hereby

file this *Motion for Order Granting Recognition of Foreign Main Proceedings Pursuant to §§*

*1515 and 1517 of the Bankruptcy Code* (the "Motion").  The Motion seeks entry of an Order

granting (i) recognition, pursuant to § 1517 of the Bankruptcy Code[1], of the Debtor's Joint Official

Liquidation pending before Grand Court of the Cayman Islands Financial Services Division (the

"Cayman Court") under Cause No. 165 of 2024 (the "Debtor's Cayman Liquidation"); (ii) related

and additional relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (iii) any

other and further relief that may be available to the Joint Official Liquidators under the Bankruptcy

Code.  In support of the Motion, the Joint Official Liquidators respectfully state as follows:

**PRELIMINARY STATEMENT**

1.      The Joint Official Liquidators filed the Chapter 15 Petition for Recognition of a

Foreign Proceeding (the "Petition") pursuant to section 1504 seeking recognition of the Debtor's

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101
*et seq.* (the "Bankruptcy Code").

Cayman Liquidation as a "foreign main proceeding" as defined in section 1502(4).  D.E. 1.

2.    The Declaration of Nicola Cowan (the "Cowan Declaration"), addressing the requirements of § 1515(c) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 1007(a)(4), is attached hereto as **Exhibit "A".**

3.    The Order (the "Initial Order") entered by the Cayman Court, which caused the winding up of the Debtor and the appointment of Michael Pearson and Nicola Cowan as Joint Official Liquidators of the Debtor, is attached to the Cowan Declaration as Composite Exhibit 1.

4.    The Order ("Export Order") authorizing the Joint Official Liquidators to seek the recognition of Debtor's Liquidation, assistance in carrying out their duties and powers, and to act as representatives of Debtor's Liquidation in the United States is attached to the Cowan Declaration as Composite Exhibit 2.

5.    The Petition, this Motion, and the Cowan Declaration demonstrate that the Debtor's Cayman Liquidation should be recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

6.    The Joint Official Liquidators seek the type of relief that Chapter 15 was designed to provide, and the Debtor's Insolvency Proceedings, the Petition, and this Motion meet all the requirements for recognition and the requested relief.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and sections 109 and 1501 of the Bankruptcy Code.

8.    This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

2

9.      Cayman Islands is the Debtor's respective center of main interest because, among other things, Debtor's registered office is located in Cayman Islands. *See* Exh. A, at ¶ 4.

10.     Venue is proper in this district under 28 U.S.C. § 1410 because Debtor's U.S. counsel, Sequor Law, P.A., holds a retainer for the benefit of the Debtor in this district. *See id.* at ¶ 12.

## **BACKGROUND**

11.     The Cowan Declaration sets forth in detail the background and basis for recognition. *See* Exh. A.

12.     Debtor was incorporated in Cayman Islands on January 8, 2013, and has a registered office in Cayman Islands. *Id.* at ¶ 4.  Debtor purportedly engaged in the purchase and sale of unrefined gold.  *Id.* at ¶ 5.

13.     On May 1, 2017, Debtor entered into a Sale and Repurchase Agreement (the "Agreement") with Global Fidelity Bank ("GFB") to finance the purchase of gold bars. *Id.* Under the Agreement, GFB advanced Debtor money to purchase gold on behalf of GFB from third party suppliers and Debtor would then repurchase that gold from GFB at a defined rate. *Id.* Debtor received US$ 2,750,000 from GFB for the purpose of purchasing gold, but Debtor failed to purchase or sell any gold or otherwise repay GFB on account of the sums advanced. *Id.* at ¶ 6.

14.     Due to this, GFB commenced an action against Debtor seeking recovery of the funds advanced to Debtor.  *Id.* at ¶ 7. On April 1, 2022, Debtor and GFB entered into a Consent Order wherein Debtor acknowledged that it was indebted to GFB for US$ 2,750,000. *Id.* However, to date, Debtor has refused or neglected to pay the amount due to GFB. *Id.*

15.     Debtor was struck off the Register of Companies on July 31, 2023. *Id.* at ¶ 8.

16.     Due to Debtor's failure to satisfy its debt, on May 24, 2024, GFB filed a petition

with the Cayman Court to restore Debtor into liquidation pursuant to the Cayman Islands Companies Act (2023 Revision) (the "Companies Act").  *Id.* at ¶ 9.

17.     On July 16, 2024, the Cayman Court entered an Order (the "Initial Order"), ordering that Debtor be restored to the Register of Companies, ordered that Debtor be wound up in accordance with the Companies Act, and appointed Michael Pearson and Nicola Cowan as Joint Official Liquidators of Debtor.  *See* Exh. A, Exh. 1.

18.     Further, on December 10, 2024, the Cayman Court entered an Order (the "Export Order") authorizing the Joint Official Liquidators to seek the recognition of Debtor's Cayman Liquidation, assistance in carrying out their duties and powers, and to act as representatives of Debtor's Cayman Liquidation in the United States. *See* Exh. A, Exh. 2.

19.     As Joint Official Liquidators of Debtor's bankruptcy estate, the Joint Official Liquidators have been duly appointed as the persons responsible for identifying, collecting, and realizing any assets of the Debtor wherever located and distributing any funds to creditors under the supervision of the Cayman Court.  *See* Exh. A at ¶¶ 21-23.  Their duties also include investigating the causes for the failure of the company and business dealings and affairs of the company, and bringing any action or legal proceeding on behalf of Debtor.  *See id*.

20.     Following the appointment of the Joint Official Liquidators under the Companies Act, the Joint Official Liquidators commenced their investigations concerning the affairs, assets, and liabilities of the Debtor.  *See id.* at ¶ 12.

21.     The Joint Official Liquidators file this Chapter 15 case to, among other things, (i) investigate Debtor's financial transactions and asset picture in the years leading to Debtor being struck off; (ii) identify, localize, and realize the Debtor's assets located in the United States; and (iii) to the extent necessary, pursue actions against third parties for the benefit of Debtor's estate.

SEQUOR LAW, P.A.

**RELIEF REQUESTED**

22.     By this Motion, the Joint Official Liquidators respectfully request an Order pursuant to sections 105(a), 1507, 1517, 1520 and 1521 of the Bankruptcy Code granting the following relief:

(a)     Recognizing Debtor's Liquidation as a foreign main proceeding and the Joint Official Liquidators as the foreign representatives of the Debtor;

(b)     Granting the relief allowable as of right upon recognition of a foreign main proceeding under section 1520 of the Bankruptcy Code;

(c)     Granting the following additional relief under section 1521 of the Bankruptcy Code:

(1)     staying the commencement or continuation of any action or proceeding without the consent of the Joint Official Liquidators concerning the Debtor's rights, obligations or liabilities to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(2)     staying execution against the Debtor's assets to the extent not stayed under § 1520(a);

(3)     suspending the right to transfer or otherwise dispose of any assets of the Debtor to the extent this right has not been suspended under section 1520(a);

(4)     providing for the examination of witnesses, the taking of evidence, and the delivery of information concerning the assets, affairs, rights, obligations or liability of the Debtor and the Debtor's estate under § 1521(a)(4), the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 2004, and Local Rule 2004-1;

(5)     entrusting the administration or realization of all of the assets of the Debtor within the territorial jurisdiction of the United States to the Joint Official Liquidators;

SEQUOR LAW, P.A.

(6)      entrusting the distribution of all or part of the assets of the Debtor located within the United States to the Joint Official Liquidators;

(7)      granting comity and giving full force and effect to the orders entered by the Cayman Court and with respect to the Debtor; and

(d)      granting the Joint Official Liquidators such other and further relief as this Court may deem just and proper.

## BASIS FOR RECOGNITION

23.      The Joint Official Liquidators have satisfied each of the requirements for recognition set forth in section 1517 of the Bankruptcy Code because (i) Debtor's Cayman Liquidation is a foreign main proceeding, (ii) the Joint Official Liquidators filing the Debtor's Petition and this Motion are foreign representatives under section 101(24), and (iii) the procedural requirements of section 1515 and Bankruptcy Rule 1007 are satisfied.

**A.      Debtor's Insolvency Proceeding is a Foreign Main Proceeding Under Section 1502**

*i.      Debtor's Cayman Liquidation is a "Foreign Proceeding" Under Section 101(23)*

24.      A "foreign proceeding" under section 101(23) is one that is (i) collective in nature; (ii) judicial or administrative; (iii) is pending in a foreign country; (iv) under a law relating to insolvency or adjustment of debt; (v) one in which the debtor's assets and affairs are under the control and supervision of the foreign court; and (vi) for the purpose of reorganization or liquidation. 11 U.S.C. § 101(23); *In re British Am. Ins. Co.*, 425 B.R. 884, 901 (Bankr. S.D. Fla. 2010).

25.      Debtor's Cayman Liquidation qualifies as a "foreign proceeding" under section 101(23) of the Bankruptcy Court because (i) it considers the rights and obligations of Debtor's creditors generally, contemplates for the consideration and treatment of the claims of Debtor's

6

creditors, permits Debtor's creditors to participate in the foreign action, seeks to maximize Debtor's assets for the benefit of its creditors, and provides for a mechanism for distribution of assets in accordance with priorities; (ii) Debtor's Cayman Liquidation is a judicial proceeding before the Cayman Court; (iii) is pending in the Cayman Islands; (iv) is pending under the Cayman Islands Companies Act, its law relating to insolvency; (v) Debtor's assets and affairs are subject to the control and supervision of the Cayman Court; and (vi) it is for the purpose of liquidating Debtor's assets for the benefit of its creditors.

26.     Importantly, this Court has held that Cayman Islands' liquidation proceedings, such as Debtor's Cayman Insolvency, constitute "foreign proceedings." *See e.g*, *In re Atom Holdings et al.*, Case No. 23-14343-PDR, ECF No. 37 (Bankr. S.D. Fla. June 30, 2023) (granting recognition of the Cayman Islands insolvency); *In re Brazen Sky et al.*, Case No. 22-bk-16795-RAM, ECF No. 8 (Bankr. S.D. Fla. Oct. 5, 2022) (same).

### ii.     *Debtor's Insolvency Proceeding is a "Foreign Main Proceeding" Under Section 1502*

27.     Debtor's Insolvency Proceeding further qualify as "foreign main proceeding" under section 1502 because the Debtor's center of main interest is in Cayman Islands.

28.     Debtor's Liquidation is a foreign main proceeding because it is pending in Cayman Islands, where its registered office is located in. *See* Exh. A, Exh. 1 ¶ 4. Accordingly, its center of main interest is in Cayman Islands. *See* 11 U.S.C. § 1516(c) ("In the absence of evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's main interests."). Further, Debtor was an entity previously engaged in the purported purchase and sale of unrefined gold in the Cayman Islands. *See Exh. A* at ¶ 4. Since their appointment as joint official liquidators of Debtor, the Joint Official Liquidators have conducted various significant tasks in

Cayman Islands in connection to Debtor's liquidation, such as administration of Debtor's affairs, business and property, effectively replacing Debtor's directors.  *See id.* at ¶ 12.

29.    Moreover, as Debtor is a Cayman Islands company in liquidation in Cayman Islands under the Cayman Islands' Companies Act, and Cayman Islands law would likely apply to most disputes arising from Debtor's operations, Cayman Islands is the natural jurisdiction that would be ascertainable by third parties as the Debtor's centers of main interest. *See Servicios de Petroleo Constellation S.A.*, 600 B.R. 237, 272 (Bankr. S.D.N.Y. 2019) (considering the following factors in assessing the debtor's COMI: the location of the debtor's headquarters, of those who manage the debtor, the jurisdiction of whose law would apply to most disputes, and the expectations of third parties as to the debtor's COMI).

**B.      The Joint Official Liquidators are Foreign Representatives Under Section 101(24)**

30.    Michael Pearson and Nicola Cowan qualify as "foreign representatives" of the liquidation proceeding of Debtor, because they are persons who were appointed to administer the liquidation of the Debtor.  *See* Ex. A, at Exhs. 1, 2.  The Joint Official Liquidators were appointed in the Debtor's Cayman Liquidation pursuant to the orders of the Cayman Court and in accordance with the Companies Act. *Id.*  The Joint Official Liquidators have the power to, among other things, (i) administer Debtor's assets and affairs and run Debtor's businesses during the course of Debtor's Liquidation; (ii) to take possession of, protect, and realize Debtor's assets; and (iii) to distribute the assets or the proceeds of realization of the assets in accordance with the provisions of the relevant insolvency laws. *See* Ex. A, at ¶¶ 21-23.

**C.      Debtor's Insolvency Proceedings Meet the Procedural Requirements of Section 1515**

31.    As stated above, the requirements of section 1515 are satisfied, as demonstrated by the attached orders from the Cayman Court ordering the winding up of Debtor and appointing

8

Michael Pearson and Nicola Cowan as Joint Official Liquidators is attached to the Declaration as Exhibit 1.

32.     Further, the statements required by section 1515(c) of the Bankruptcy Code and Fed. R. Bankr. P. 1007(a)(4) are included in the attached Cowan Declaration.  Exh. A, at ¶¶ 13-14.

## CONCLUSION

WHEREFORE, the Joint Official Liquidators respectfully requests that the Court enter an Order, substantially in the form of **Exhibit "B"** attached, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: January 23, 2025

Respectfully submitted,

SEQUOR LAW, P.A.
1111 Brickell Avenue, Suite 1250
Miami, Florida 33131
lflorin@sequorlaw.com
jmendoza@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:      (305) 372-8202


By: */s/ Leyza B. Florin*
        Leyza B. Florin
        Florida Bar No. 104639
        Juan J. Mendoza
        Florida Bar No.: 113587