*EXHIBIT A*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

   Natural Capital Ltd. (In Liquidation)                 Chapter 15

Debtor in a Foreign Proceeding.                    Case No.: _____
_____/

**DECLARATION OF NICOLA COWAN IN SUPPORT OF PETITION FOR
RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

     I, Nicola Cowan, Director at FFP Limited hereby declare under penalty of perjury under the laws of the United States as follows:

     1.     I am one of the Joint Official Liquidators of Natural Capital Ltd. (In Liquidation) ("NCL" or "Debtor"), a company in official liquidation under the laws of the Cayman Islands.

     2.     I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as Joint Official Liquidator of NCL. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information obtained through the investigations (as described below) by the Joint Official Liquidators, and are true to the best of my knowledge, information, and belief. If called upon, I could testify as to all matters set forth in this declaration.

     3.     I make this Declaration in support of the *Motion for Order Granting Recognition of Foreign Main Proceeding Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion"), seeking recognition of NCL's Official Liquidation under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code").

1

## NCL AND ITS OFFICIAL LIQUIDATION

4. NCL is a Cayman Islands exempt company, incorporated on January 8, 2013, with registration number CR 274499. Its registered office is located at 2nd Floor, Harbour Centre, 159 Mary Street, George Town, Grand Cayman Islands.

5. Prior to its striking off the Register of Companies, NCL engaged in the purported purchase and sale of unrefined gold. On May 1, 2017, NCL entered into a Sale and Repurchase Agreement (the "Agreement") with Global Fidelity Bank ("GFB") for the financing of gold bars. Under the Agreement, GFB advanced NCL money to purchase gold on behalf of GFB from third party suppliers and NCL would then repurchase that gold from GFB at a defined rate. GFB's role was solely to finance the acquisition of gold and NCL was tasked with sourcing the gold and effecting its resale.

6. NCL received US$ 2,750,000 from GFB for the purpose of purchasing gold, but NCL failed to purchase or sell any gold or otherwise repay GFB on account of the sums advance.

7. Due to this, GFB commenced an action against NCL seeking recovery of the funds advanced to NCL. On April 1, 2022, NCL and GFB entered into a Consent Order whereby NCL acknowledged that it was indebted to GFB for US$ 2,750,000. However, to date, NCL has refused or neglected to pay the amount due to GFB.

8. NCL was struck off the Register of Companies on July 31, 2023.

9. Due to NCL's failure to satisfy its debt, on May 24, 2024, GFB filed a petition with the Grand Court of the Cayman Islands Financial Services Division (the "Cayman Court") to restore NCL into liquidation pursuant to the Cayman Islands Companies Act (2023 Revision) (the "Companies Act").

2

10. On July 16, 2024, the Cayman Court entered an Order (the "Initial Order"), that among other things, ordered that NCL be restored to the Register of Companies, ordered that NCL be wound up in accordance with the Companies Act, and appointed Michael Pearson and I as Joint Official Liquidators of NCL with immediate effect. The Initial Order is attached hereto as **Exhibit 1.** NCL's Official Liquidation is ongoing before the Cayman Court under Cause No. 165 of 2024 ("NCL's Liquidation").

11. Further, on December 10, 2024, the Cayman Court entered an Order (the "Export Order") authorizing the Joint Official Liquidators to seek the recognition of NCL's Liquidation, assistance in carrying out their duties and powers, and to act as representatives of NCL's Liquidation, in the United States. The Export Order is attached hereto as **Exhibit 2**.

## BASIS FOR RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

12. The initial focus of the Joint Official Liquidators has been to understand and investigate NCL's financial transactions and assets held in the years leading up to the company being struck off. The Joint Official Liquidators are also taking steps to pursue various leads to localize and realize potential asset recovery opportunities for the benefit of NCL's creditors. As part of these efforts, the Joint Official Liquidators seek recognition of NCL's Liquidation to obtain information relating to NCL's assets in the United States and to assist in the tracing of the funds received from GFB,[1] and to the extent necessary, engage in actions to maximize the Debtor's estate for the benefit of its creditors.

## SECTION 1515(c) DISCLOSURES

13. I am not aware of any pending foreign proceedings, as that term is defined in §101(23) of the Bankruptcy Code.

---

[1] The Foreign Representatives have engaged Sequor Law, P.A. to represent them in the United States. Sequor Law holds a retainer for the benefit of the Debtor in this District.

3

## RULE 1007(a)(4) DISCLOSURES

14. I hereby provide the following information in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

   a. Michael Pearson and Nicola Cowan, of FFP Limited have been appointed as the Joint Official Liquidators of NCL. The address of the Joint Official Liquidators is the following:

   Attn: Michael Pearson
   Nicola Cowan
   FFP Limited
   10, Market Street, # 769
   Grand Cayman, KY1-9006, Cayman Islands

   b. For purposes of these Chapter 15 cases, the Joint Official Liquidators request that any correspondence be sent, in addition to the addresses provided above, to:

   Attn: Leyza B. Florin
   Juan J. Mendoza
   Sequor Law, P.A.
   1111 Brickell Avenue, Suite 1250
   Miami, Florida 33131

   c. The Debtor is not party to any litigation in the United States.

   d. The Joint Official Liquidators are not seeking provisional relief, under 11 U.S.C. § 1519.

## LIQUIDATION UNDER CAYMANIAN LAW

15. The substantive laws of the Cayman Islands relating to the winding up of companies incorporated in the Cayman Islands is generally contained in Part V of the Companies Act. Part V of the Companies Act is supplemented by detailed rules governing the practice and procedure for insolvencies of companies that are set out in the Companies Winding Up Rules, (2023 Consolidation), the Insolvency Practitioners' Regulations (2023 Consolidation), Foreign

4

Bankruptcy Proceedings (International Co-operation) Rules, 2018, and the Grand Court Rules (2023 Revision), together with a substantial body of local case law. The provisions of Part V of the Companies Act apply to companies formed and registered under the Companies Act, including companies that are formed as segregated portfolio companies.

16.    The Companies Act provides for three different modes of winding up: (1) compulsory winding up by order of the Grand Court, (2) voluntary winding up initiated by a resolution of the shareholders, and (3) voluntary winding up initiative by a resolution of the shareholders, but subsequently brought under the supervision of the Grand Court.

17.    Pursuant to section 94 of the Companies Act, a creditor (including any contingent or prospective creditor), contributory (i.e., a shareholder), or the company itself (where the directors have obtained shareholder authorization or where there is prior authorization to do so in its Articles of Association) can petition for the compulsory winding up of a company on the grounds set out in section 92. The Cayman Islands Monetary Authority may also petition to wind up a company if the company is carrying on regulated business.

18.    Section 97(1) of the Companies Act provides for a broad stay of actions against the company upon the entry of a winding up order or the appointment of a provisional liquidator. In particular, "no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the Court and subject to such terms as the Court may impose".

19.    Under the Companies Act, the Grand Court may (i) consider the creditor's interests for all matters related to the winding up of an insolvent company, (ii) make debts payable on a contingency basis and admit claims, whether present or future, or fixed or contingent, against the company, (iii) appoint a liquidator who is required to convene a meeting of creditors to ascertain

5

their wishes, and (iv) apply the property of the debtor in satisfaction of its liabilities and distribute such property to creditors in accordance with their rights and interests.

20. In a liquidation, according to section 140 of the Companies Act, the claims of creditors and investors within the same class are treated on a pari passu basis. Moreover, all creditors and interest holders have an opportunity to be heard by the Grand Court and no creditor will be prejudiced because it is domiciled or otherwise located outside of the Cayman Islands. There is substantial judicial oversight in a liquidation which can be invoked by interested persons, including a creditor.

## THE LIQUIDATORS

21. The Joint Official Liquidators are fiduciaries and officers of the Grand Court. Pursuant to section 110 of the Companies Act, the duties of the Joint Official Liquidators are (a) to collect, realize and distribute the assets of the company to its creditor and, if there is a surplus, to equity holders, and (b) to report to the company's creditors and contributories (i.e., shareholders) upon the affairs of the company and the manner in which it is being wound up. In addition, under section 102 of the Companies Act, the Joint Official Liquidators are empowered to investigate (i) the causes for the failure of the company, and (ii) generally, the promotion, business, dealings and affairs of the company. The Joint Official Liquidators are subject to the supervision and oversight of the Grand Court with respect to the performance of their duties.

22. Schedule 3, Part II of the Companies Act provides that an official liquidator is permitted to exercise the following powers without sanction from the Grand Court:

 a. The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as he or she considers necessary.

b.  The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

c.  The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his or her estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

d.  The power to draw, accept, and make and indorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect with the respect of the company's liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of the company in the course of its business.

e.  The power to promote a scheme of arrangement pursuant to section 86.

f.  The power to convene meetings of creditors and contributories (i.e. shareholders).

g.  The power to do all other things incidental to the exercise of his or her powers.

23.  Unless otherwise ordered by the Grand Court, Schedule 3, Part I to the Companies Act sets out the powers that an official liquidator may exercise with the sanction of the Grand Court. These include the following:

a.  Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

b.  Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

7

c.  Power to dispose of any property of the company to a person who is or was related to the company.

d.  Power to pay any class of creditors in full.

e.  Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

f.  Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

g.  Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

h.  The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

i.  The power to raise or borrow money and grant securities therefore over the property of the company.

j.  The power to engage staff (whether or not as employees of the company) to assist him or her in the performance of his or her functions.

8

k.  The power to engage attorneys and other professionally qualified persons to assist him or her in the performance of his or her functions.

24. A liquidation can be terminated when the liquidators, after completing their duties to wind up the affairs of the company, prepare a final report together with a statement of realizations and distributions for the creditors and members. A liquidation can also be terminated by the court, on an application by the liquidator, a creditor, director or member, if the court considers it is just and equitable to do so. Once the court is satisfied that the affairs of the company have been completely wound up, the court shall make an order that the company be dissolved from the date of that order or such other date as the court thinks fit, and the company shall be dissolved accordingly.

## 28 U.S.C. § 1746 VERIFICATION

I, Nicola Cowan, declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. §1746, that I have the authority to make this Declaration; that I have read the foregoing Declaration; and that the facts and matters alleged and contained herein are true and correct to the best of my knowledge and belief, based upon my own personal knowledge of the facts involved and upon my review of the available documents pertaining to Natural Capital Ltd. (In Liquidation).

Executed in George Town, Cayman Islands, on January 22, 2025.

By: _____
Nicola Cowan, as Joint Official Liquidator of Natural Capital Ltd. (In Liquidation)

9

*EXHIBIT 1*



IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 0165 OF 2024 (DDJ)

IN THE MATTER OF THE COMPANIES ACT (2023 REVISION)

AND IN THE MATTER OF NATURAL CAPITAL LTD (DISSOLVED)

IN OPEN COURT
16 JULY 2024
BEFORE THE HON. JUSTICE DAVID DOYLE

### ORDER

**UPON** Global Fidelity Bank, Ltd. (in Official Liquidation) (**Petitioner**) presenting a petition dated 24 May 2024 (**Petition**) seeking an order restoring Natural Capital Ltd (dissolved) (**Company**) to the Register of Companies and an order winding up the Company with Mr Michael Pearson and Ms Nicola Cowan of FFP Limited being appointed as Joint Official Liquidators

**AND UPON** the Petition and supporting documents being duly served and advertised pursuant to the *Companies Winding Up Rules (2023 Consolidation)* Order 3, r.6(1) and *Grand Court Rules (2023 Revision)* Order 102, r.18(3)

**AND UPON** hearing Counsel for the Petitioner on 16 July 2024

**IT IS ORDERED THAT:**

1. The Company be restored to the register of companies.

2. The Company be wound up by the Court in accordance with the *Companies Act (2023 Revision)* (**Companies Act**).

This Order was filed by KSG, attorneys for the Petitioner, whose address for service is 3rd Floor One Capital Place, Shedden Road, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MH/3824]

3. Michael Pearson and Nicola Cowan, both of FFP Limited whose business address is 2nd Floor, Harbour Centre, 159 Mary Street, George Town, Grand Cayman, Cayman Islands (collectively, the **JOLs**), be appointed as joint official liquidators of the Company with immediate effect.

4. The registered office of the Company be moved to c/o FFP Limited, 2nd Floor, Harbour Centre, 159 Mary Street, George Town, Grand Cayman, Cayman Islands.

5. The JOLs shall not be required to give security for their appointment.

6. The JOLs shall have the power to act jointly and severally in their capacity as liquidators of the Company.

7. The JOLs be authorized to exercise within and outside the Cayman Islands any of the powers conferred on them by the Court pursuant to section 110(2)(b) and Part II of the Third Schedule to the Companies Act without further sanction or intervention of the Court.

8. No suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the Company except with leave of the Court pursuant to section 97 of the Companies Act.

9. No disposition of the Company's property by or with the authority of the JOLs in the carrying out of their duties and functions and the exercise of their powers shall be avoided by virtue of section 99 of the Companies Act.

10. The JOLs be at liberty to appoint counsel, attorneys, and/or any other professional advisors, whether in the Cayman Islands or elsewhere, as they may consider necessary to advise and assist them in the performance of their duties and on such terms as they may think fit and to remunerate.

11. The remuneration and expenses of the JOLs shall be paid out of the assets of the Company in accordance with Part III of the *Insolvency Practitioners Regulations (2023 Consolidation)* and Order 20 of the *Companies Winding Up Rules (2023 Consolidation)*.

This Order was filed by KSG, attorneys for the Petitioner, whose address for service is 3rd Floor One Capital Place, Shedden Road, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MH/3824]

Filed: 25-Jul-2024 08:00 EST
Auth Code: K55736152641

12. The JOLs be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as and when they fall due out of the assets of the Company as an expense of the liquidation.

13. The Petitioners' costs of and incidental to this petition shall be paid out of the assets of the Company as an expense of the liquidation, such costs to be taxed if not agreed with the JOLs.

14. The Petitioners' costs of restoring the Company to the register of companies, including the annual fees and penalties payable to the Registrar, be paid forthwith out of the assets of the Company as an expense of the liquidation.

15. Liberty to apply.

**DATED** the 16 day of July, 2024
**FILED** the 16 day of July, 2024

*[signature: David Doyle]*

_____
**THE HON. JUSTICE DAVID DOYLE**
**JUDGE OF THE GRAND COURT**

This Order was filed by KSG, attorneys for the Petitioner, whose address for service is 3rd Floor One Capital Place, Shedden Road, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [MH/3824]

*EXHIBIT 2*



**IN THE GRAND COURT OF THE CAYMAN ISLANDS**
**FINANCIAL SERVICES DIVISION**

                    **CAUSE NO: FSD 165 of 2024 (DDJ)**

**IN THE MATTER OF THE COMPANIES ACT (2023 REVISION)**

**AND IN THE MATTER OF NATURAL CAPITAL LTD (DISSOLVED)**

**ON THE PAPERS**
**10 DECEMBER 2024**
**BEFORE THE HON. JUSTICE DAVID DOYLE**

<u>**ORDER**</u>

**UPON** the Joint Official Liquidators (**JOLs**) of Natural Capital Ltd (in Official Liquidation) (**Company**) filing a Summons dated 22 November 2024 (**Summons**)

**AND UPON** the Court reading the Fifth Affidavit of Nicola Cowan filed 22 November 2024 and a skeleton argument filed by the JOLs in support of the Summons

**AND UPON** the Court being satisfied to determine the Summons on the papers

**IT IS ORDERED THAT:**

1. That the JOLs have sanction pursuant to Paragraph 1 of Part 1 of Schedule 3 and Section 110(2) of the Companies Act (2023 Revision):

    1.1. To commence legal proceedings in the Grand Court of Cayman Islands in the name of the Company against its former directors, John Adrian Buck II and John Ashley Buck, for breaches of their duties respectively owed to the Company; and

    1.2. To apply to any court, tribunal, regulatory or administrative body in the United States of America for the recognition of the winding up order dated 16 July 2024

---

This Order was filed by KSG, attorneys for Global Fidelity Bank, Ltd (in Official Liquidation), whose address for service is 3rd Floor One Capital Place, Shedden Road, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [KM/RE/3942]

1

(and the JOLs' appointment) and also for assistance in carrying out their powers and duties, including engaging such attorneys and other professionally qualified persons as may be necessary in order to do so, and that the JOLs are authorized and empowered to act as a representative in respect of the winding up proceedings for the purpose of having the proceedings and their appointment recognized in a jurisdiction outside the Cayman Islands.

2. The JOLs' costs of and incidental to the Summons be payable out of the assets of the Company as an expense of the liquidation.

**DATED** the 10 day of December, 2024
**FILED** the 10 day of December, 2024

*David Doyle*

_____
**THE HON. JUSTICE DAVID DOYLE**
**JUDGE OF THE GRAND COURT**

This Order was filed by KSG, attorneys for Global Fidelity Bank, Ltd (in Official Liquidation), whose address for service is 3rd Floor One Capital Place, Shedden Road, PO Box 2255, Grand Cayman KY1-1107, Cayman Islands [KM/RE/3942]

2