

ORDERED in the Southern District of Florida on February 26, 2025.

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 25-10662 |
| NATURAL CAPITAL LTD. (In Liquidation) | Chapter 15 |
| Debtor in a Foreign Proceeding. _____/ | |

**ORDER GRANTING MOTION FOR ORDER GRANTING RECOGNITION**
**OF FOREIGN MAIN PROCEEDINGS PURSUANT TO §§ 1515 AND 1517**
**OF THE BANKRUPTCY CODE**

This matter came on for hearing on February 25, 2025, (the "Hearing") upon the *Motion for Order Granting Recognition of Foreign Main Proceedings Pursuant to §§ 1515 and 1517 of the Bankruptcy Code* (the "Motion") [Doc. No. 2] filed by the Joint Official Liquidators of Natural Capital Ltd. (In Liquidation) ("Debtor") seeking entry of an Order pursuant to §§ 105, 1515, 1517, 1520 and 1521 recognizing the Debtor's joint official liquidation (the "Debtor's Cayman Liquidation") pending before the Grand Court of the Cayman Islands Financial Services Division

(the "Cayman Court") under Cause no. 165 of 2024, under Chapter 15 of the Bankruptcy Code[1] and providing related relief. The Court, having considered the Motion, the Chapter 15 Petition for the Debtor, and the Declaration of Nicola Cowan in support of the Motion [Doc No. 2-1]; having heard argument of counsel at the Hearing; and being otherwise duly informed makes the following order.

The Court finds that:

A.　Due and timely notice of the filing of the Chapter 15 Petition, the Motion, and the Notice of Hearing, was given by the Joint Official Liquidators.

B.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

C.　Venue of these proceedings are proper in this judicial district pursuant to 28 U.S.C. § 1410.

D.　This is a core foreign proceeding under 28 U.S.C. § 157(b)(2)(P).

E.　Michael Pearson and Nicola Cowan (the "Joint Official Liquidators"), the Joint Official Liquidators of the bankruptcy estate of Debtor Natural Capital Ltd., qualify as "foreign representatives", as defined in 11 U.S.C. § 101(24).

F.　This Chapter 15 Case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1515 and 1517.

G.　The Joint Official Liquidators have met the requirements of 11 U.S.C. §§ 1515(b), 1515(c), 1515(d), and Rule 1007(a)(4) of the Federal Rule of Bankruptcy Procedure.

---

[1] Unless otherwise specified herein, all statutory references shall be to Title 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").

H.	The Debtor's Cayman Liquidation constitutes a foreign proceeding under 11 U.S.C. § 101(23), and a foreign main proceeding under 11 U.S.C. § 1502(4).

I.	Accordingly, the Debtor's Cayman Liquidation is entitled to recognition as a foreign main proceeding by this Court under 11 U.S.C. § 1517(b)(1).

J.	The Joint Official Liquidators are entitled to all relief available under 11 U.S.C. § 1520.

K.	The Joint Official Liquidators are further entitled to the relief expressly set forth in 11 U.S.C. § 1521.

L.	The relief granted by this Order is necessary and appropriate, in the interests of public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and will not cause any hardship to the creditors of the Debtor or other parties that is not outweighed by the benefits of the relief being granted.

M.	The Court finds that the interests of the creditors, interested entities, the Debtor, and the Debtor's estates are sufficiently protected by the rights and obligations under the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure governing the taking of discovery.

Accordingly, it is **ORDERED** and **ADJUDGED**:

1.	The Motion is **GRANTED**.

2.	The Debtor's Cayman Liquidation is granted recognition as a "foreign main proceeding" under 11 U.S.C. § 1517.

3.	The Debtor's Cayman Liquidation shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities. Unless the Court orders otherwise, orders of the Cayman Court regarding the administration of the Debtor's Cayman

Liquidation, shall be given full force and effect and be binding in the United States against all persons and entities.

4. The Joint Official Liquidators shall have the authority to act independently to carry out any of the duties and powers granted by this Order.

5. The provisions of 11 U.S.C. § 1520(a) apply to this proceeding, including but not limited to the application of the automatic stay under 11 U.S.C. § 362 with respect to the Debtor or property of the Debtor in the United States.

6. Under 11 U.S.C. § 1521(a)(1), all persons and entities are stayed from commencing or continuing any action or proceeding concerning the assets, rights, obligations or liabilities, of the Debtor or the Debtor's bankruptcy estate located in the United States.

7. Under 11 U.S.C. §1521(a)(2), all persons and entities are stayed from executing against the assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

8. Under 11 U.S.C. §1521(a)(3), all persons and entities are prohibited from transferring, encumbering or otherwise disposing of, or exercising control over any assets of the Debtor or the Debtor's bankruptcy estate located in the United States.

9. Under 11 U.S.C. §1521(a)(4), the Joint Official Liquidators are authorized to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor or the Debtor's bankruptcy estate pursuant to §1521(a)(4) and the Federal Rules of Bankruptcy Procedure, including without limitation the procedure of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, without further order of this Court.

10. Under 11 U.S.C. §1521(a)(5), the Joint Official Liquidators are entrusted with the full administration and realization of all or part of the estate and assets of the Debtor within the territorial jurisdiction of the United States.

11. Under 11 U.S.C. §1521(a)(7), all persons and entities provided notice of this Order who are in possession, custody or control of property, or the proceeds thereof, of the Debtor or the Debtor's bankruptcy estate located within the territorial jurisdiction of the United States, shall immediately advise the Joint Official Liquidators by written notice sent to the following addresses:

Attn: Michael Pearson and Nicola Cowan
FFP Limited
10, Market Street, # 769
Grand Cayman, KY1-9006, Cayman Islands

With copy to:
Attn: Leyza B. Florin and Juan J. Mendoza
Sequor Law, P.A.
1111 Brickell Ave., Suite 1250
Miami, FL 33131

which written notice shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact information for such person or entity. The Joint Official Liquidators shall file with the Court information demonstrating those persons and/or entities to whom they have provided notice of this Order.

12. Under 11 U.S.C. § 1520(a)(3), unless the Court orders otherwise, the Joint Official Liquidators are further authorized to operate and may exercise the powers of a trustee under, and to the extent provided by 11 U.S.C. §§ 363 and 552.

13. Other than a counterclaim to a suit brought by the Joint Official Liquidators, no person or entity may commence suit against the Joint Official Liquidators in any court, including this Court, in the United States without first obtaining leave of this Court.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a); (ii) the Joint Official Liquidators are not subject to any

5

stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Joint Official Liquidators are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. No action taken by the Joint Official Liquidators in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the Liquidation or any order entered in or in respect of the Chapter 15 case (including any adversary proceedings or contested matters) will be deemed to constitute a waiver of immunity afforded the Joint Official Liquidators, including pursuant to 11 U.S.C. §§ 306 and 1510.

16. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any person or entity for relief from the provisions of this Order.

17. This Court shall retain jurisdiction with respect to the administration, realization, and distribution of the assets of the Debtor within the territorial jurisdiction of the United States.

###

Submitted by:
Leyza B. Florin, Esq.
Juan J. Mendoza, Esq.
SEQUOR LAW, P.A.
*Attorneys for Joint Official Liquidators*
1111 Brickell Avenue, Suite 1250
Miami, Florida  33131
lflorin@sequorlaw.com
jmendoza@sequorlaw.com
Telephone:     (305) 372-8282
Facsimile:      (305) 372-8202

*(Attorney Florin shall serve a conformed copy of the foregoing upon all interested parties and file a Certificate of Service with this Court)*